[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
As a result of a hearing on April 22, 2002, the court makes the following findings of fact:
The plaintiff, as landlord, entered into a five year lease with New Haven Savings Bank, as tenant, sometime in April of 1996 concerning the subject premises. The lease was to terminate on March 31, 2001. The defendant, Liberty Bank, is the successor in interest to New Haven Savings Bank by virtue of an assignment of the lease. For the approximate one and one-half years that Liberty Bank took over the lease by way of their purchase of New Haven Saving Bank, they never utilized the premises. The defendant had no intention of renewing the lease after the termination date of March 31, 2001.
The plaintiff claims that the defendant did not vacate the premises on March 31, 2001 and that in fact the defendant stayed for thirty days beyond the end of the lease. The plaintiff also claims that he suffered substantial expenses in pulling up the carpet that was left behind, removing tile that was affixed to the floor and repairing an area that the bank vault had been located.
The defendant claims that Liberty Bank did not occupy the premises after March 31, 2001 and also that they are not responsible for the expenses incurred by the plaintiff in removing items that they claim are improvements, additions and/or alterations to the premises.
The testimony and exhibits presented at the hearing did not establish that the defendants held over their tenancy beyond March 31, 2001. The landlord, Anthony Fonda, was very vague and inconsistent concerning dates in March and April of 2001. The more credible evidence before the court by Leonard Popleski and Paul Edwards was that all equipment and furniture, including the bank vault, were removed by the date of March 31, 2001. The only items that still remained on the premises was the carpet and tile which were glued to the floor.
Therefore, as to the first count of the complaint, this court finds that the plaintiff has not sustained their burden of proof by a preponderance of the evidence.
As to count two claiming that the defendant is responsible for expenses incurred by the plaintiff in restoring the premises to its original condition, this court finds that the plaintiff has not sustained his CT Page 5341 burden of proof. Paragraph #7 of the lease (plaintiff's exhibit #1) indicates that the tenant may make alterations, additions and improvements in the premises with the landlord's written consent. The lease also indicates in paragraph #7 that all alterations, additions and improvements become the property of the landlord upon the expiration of the lease. The plaintiff, Anthony Fonda, testified that he gave approval to the original tenant (New Having Savings) to install the carpet and tile to the floor. He also knew that the carpet and tile was glued to the flooring. He considered it an improvement at the time, but not after the lease ended because there existed gaps in the carpeting where the teller counters and furniture had existed. Although paragraph #19 of the lease indicates that the premises will be delivered by the tenant in substantially the same condition as when they were received, it also states that permitted improvements, alterations and additions are excepted. The lease is silent as to whether carpet and tile are to be removed at the expiration of the lease. This court finds and holds that wall to wall carpeting and tile which is glued to the flooring with the knowledge and approval of the landlord, is an "alteration, addition and improvement" pursuant to a common sense reading of the lease. Therefore, as to count two, the plaintiff has failed to sustain his burden of proof that the defendant is responsible for the removal of the items that remained on the premises after the termination of the lease.
This court also finds that the plaintiff has not sustained his burden of proof as to count three since there was no hold over by the tenant into the month of April of 2001.
For all of the foregoing reasons, the court enters Judgement for the Defendant on all counts.
Patrick J. Clifford, Judge